IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 0 8 2003

CHICAGO DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, CHICAGO
DISTRICT COUNCIL OF CARPENTERS
WELFARE FUND, the CHICAGO AND
NORTHEAST ILLINOIS DISTRICT COUNCIL
OF CARPENTERS APPRENTICE AND TRAINEE
PROGRAM FUND,

03C 8822

CIVIL ACTION

EARL J. OLIVER, JEFFREY ISAACSON,
ROBERT QUANSTROM, DOUGLAS BANNISTER,
MICHAEL J. SEXTON, J. STANLEY PEPPER,
MELVIN GRAY, RICHARD BAGGIO, TIM
COLEMAN, and BENJAMIN A. JOHNSTON, as
Trustees of the CHICAGO DISTRICT COUNCIL OF
CARPENTERS PENSION FUND,

JUDGE SHADUR

MAGISTRATE JUDGE MASON

EARL J. OLIVER, JEFFREY ISAACSON, ROBERT
QUANSTROM, DOUGLAS BANNISTER, MARTIN
C. UMLAUF, MICHAEL J. SEXTON, J. STANLEY
PEPPER, MELVIN GRAY, RICHARD BAGGIO, TIM
COLEMAN, BENJAMIN A. JOHNSTON, and
THOMAS S. RAKOW as Trustees of the CHICAGO
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND,

EARL J. OLIVER, JEFFREY ISAACSON, BRUCE A.
NELSON, KENNETH BORG, RANDY R. MEYER,
WILLIAM E. O'NEIL, RICHARD A. BAGGIO, J.
DAVID PEPPER, TODD H. HARRIS and ROBERT
J. CORRIGAN as Trustees of the CHICAGO AND
NORTHEAST ILLINOIS DISTRICT COUNCIL OF
CARPENTERS APPRENTICE & TRAINEE
PROGRAM,

Plaintiffs,

CASE NO.

v.

DRAKE CONCRETE CONSTRUCTION,

Defendant.

## COMPLAINT

Plaintiffs, the Chicago District Council of Carpenters Pension Fund, et. al., by their attorney, Amy Elizabeth Paluch Epton and Gregory N. Freerksen, complain of the Defendant, Drake Concrete Construction, and allege as follows:

1.      This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2.      The CHICAGO DISTRICT COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO DISTRICT COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM (the "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, successor of the CHICAGO DISTRICT COUNCIL OF CARPENTERS, (the "Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3.      The Defendant is an employer engaged in an industry affecting commerce, which entered into an Agreement whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement or Agreements, which require Defendant to pay monthly fringe benefit contributions to the Trust Funds.

4.      The Defendant is an employer engaged in an industry affecting commerce, which entered into an Agreement whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement negotiated between the Union and the Mid-America Regional Bargaining

2

Association ("MARBA") for the period through, and to any Collective Bargaining Agreement subsequently negotiated between the Union and MARBA.

5.      The Defendant is an employer who subcontracts work covered under this Agreement to a person or proprietor who is not a signatory to this Agreement, and who, therefore, shall maintain daily records of the subcontractor's Employees jobsite hours, and is liable for payments to the Chicago District Council of Carpenters Welfare Fund, the Chicago District Council of Carpenters Pension Fund, the Chicago District Council of Carpenters Apprentice and Trainee Program, as provided in Articles XII, XIII and XIV of the Agreement.

6.      The Agreement and the Collective Bargaining Agreements also bind the Defendant to the provisions of the Agreement and Declarations of Trust which created the Trust Funds (the "Trust Agreements").

7.      Pursuant to the provisions of the Collective Bargaining Agreements, the Defendant is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

8.      Defendant breached the provisions of the Collective Bargaining Agreement by underpaying contributions that are owed to the Trust Funds for the period January 1999 through September 2000 based upon the hours worked by employees and/or measured by the hours worked by subcontractors. The contributions owed to the Trust Funds as a consequence of this breach are $212,007.41.

9.      Plaintiffs have complied with all conditions precedent in bringing this suit.

3

10.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

11.    Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, Defendant is required to pay liquidated damages, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collection process.

12.    Defendant is obligated to pay the auditor fees, attorney fees, and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2).

13.    Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a)    double interest; or

(b)    interest plus liquidated damages provided for under the Trust Agreements.

WHEREFORE, Plaintiffs pray:

A.    That the Defendant be required to pay fringe benefit contributions to the Trust Funds for the period January 1999 through September 2000 in the amount of $212,007.41.

B.    That the Defendant be ordered to pay double interest or interest plus liquidated damages in the amount of $37,207.21.

C.    That the Defendant be ordered to pay the reasonable attorney and auditor fees and costs incurred by the Plaintiffs.

D.   That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable, all at the Defendant's cost.

CHICAGO DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, et. al.

By: _____
AMY ELIZABETH PALUCH EPTON

Amy Elizabeth Paluch Epton
Terrance B. McGann
Attorney for Plaintiffs
Whitfield & McGann
2 North LaSalle Street, Suite 1601
Chicago, IL 60602
312/251-9700

Our File No. N6110
F:\AMY\Carps\N6110 - Drake Concrete Construction\Complaint.doc

Civil Cover Sheet

Page 1 of 2



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**

**DEC 0 8 2003**

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**03C 8822**

**Plaintiff(s): CHICAGO DISTRICT COUNCIL OF CARPENTERS PENSION FUND, et. al.**

County of Residence: COOK

Plaintiff's Atty: Ms. Amy Elizabeth Paluch Epton
Whitfield & McGann
2 N. LaSalle St., Suite 1601
Chicago, IL 60602
312-251-9700

**Defendant(s):DRAKE CONCRETE CONSTRUCTION**

**JUDGE SHADUR**

County of Residence:

**MAGISTRATE JUDGE MASON**

Defendant's Atty:

**II. Basis of Jurisdiction:**     **3. Federal Question (U.S. not a party)**

**III. Citizenship of Principal Parties (Diversity Cases Only)**
        Plaintiff:-**N/A**
        Defendant:-**N/A**

**IV. Origin :**         **1. Original Proceeding**

**V. Nature of Suit:**         **791 E.R.I.S.A**

**VI.Cause of Action:**         **29 U.S.C. Sections 1132 and 185**

**VII. Requested in Complaint**
        Class Action:
        Dollar Demand:
        Jury Demand:

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

Signature:

Date: Dec. 5, 2003

**FILED-FDA'**
**03 DEC -5 PM 4: 07**
**U.S. DISTRICT COURT**
**CLERK**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

DOCKETED

DEC 0 8 2003

**In the Matter of**
CHICAGO DISTRICT COUNCIL OF CARPENTERS PENSION FUND, et. al.,

v.

DRAKE CONCRETE CONSTRUCTION

**03C 8822**

**Case Number:**

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**
Plaintiffs

JUDGE SHADUR

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE  MAGISTRATE JUDGE MASON |
| NAME | NAME |
| **Amy Elizabeth Paluch Epton** | **Gregory N. Freerksen** |
| FIRM | FIRM |
| **Whitfield & McGann** | **Whitfield & McGann** |
| STREET ADDRESS | STREET ADDRESS |
| **2 N. LaSalle Street, Suite 1601** | **2 N. LaSalle Street, Suite 1601** |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| **Chicago, Illinois 60602** | **Chicago, Illinois 60602** |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| **(312) 251-9700** | **312-251-9700** |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| **6278817** | **0874612** |
| MEMBER OF TRIAL BAR?   YES   NO | MEMBER OF TRIAL BAR?   YES   NO  X |
| TRIAL ATTORNEY?   YES   NO | TRIAL ATTORNEY?   YES  X   NO |
|  | DESIGNATED AS LOCAL COUNSEL?   YES   NO |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?   YES   NO | MEMBER OF TRIAL BAR?   YES   NO |
| TRIAL ATTORNEY?   YES   NO | TRIAL ATTORNEY?   YES   NO |
| DESIGNATED AS LOCAL COUNSEL?   YES   NO | DESIGNATED AS LOCAL COUNSEL?   YES   NO |

**PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.**